IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    12-cv-00041-PAB-MJW

ARCHANGEL DIAMOND CORPORATION LIQUIDATING TRUST,

Plaintiff(s),

v.

OAO LUKOIL,

Defendant(s).

**ORDER REGARDING:**
**[1] PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO DISCLOSE WHETHER IT IS "SUBJECT TO JURISDICTION OF ANY STATE'S COURT OF GENERAL JURISDICTION" PURSUANT TO FED. R. CIV. P. 4(K)(2) (DOCKET NO. 34);**

**[2] PLAINTIFF'S MOTION FOR LEAVE TO TAKE PERSONAL JURISDICTIONAL DISCOVERY REGARDING DS ENGINEERING, INC. AND EXPEDITED BRIEFING (DOCKET NO. 41);**

**AND**

**[3] PLAINTIFF'S MOTION FOR LEAVE TO TAKE PERSONAL JURISDICTIONAL DISCOVERY (DOCKET NO. 43)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on [1] Plaintiff's Motion to Compel Defendant to Disclose Whether It is "Subject to Jurisdiction in Any State's Court of General Jurisdiction" Pursuant to Fed. R. Civ. P. 4(k)(2) (docket no. 34), [2] Plaintiff's Motion for Leave to Take Personal Jurisdictional Discovery Regarding DS Engineering, Inc. and Expedited Briefing (docket no. 41), and [3] Plaintiff's Motion for Leave to Take Personal Jurisdictional Discovery (docket no. 43).  The court has reviewed the subject motions

(docket nos. 34, 41, and 43), the response to the motion to compel (docket no. 48) and the reply in support of the motion to compel (docket no. 49). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That each party has been given a fair and adequate opportunity to be heard;

2. That D.C.COLO.LCivR 7.1 C states, *in pertinent part*, "[N]othing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed;"

3. That litigation between the parties in the Colorado state courts and this court has been ongoing for over ten (10) years, and litigation continues in both forums to date;

4. That my Minute Order (docket no. 25) entered on March 6, 2012, vacated the Rule 16 Scheduling Conference that was set on March 15, 2012. I did not set a new date for a Rule 16 Scheduling Conference since I found that this court [namely, Judge Brimmer] should first address the personal jurisdiction and *forum non conveniens* issues before consideration on the merits. See docket no. 25;

5. That on March 22, 2012, Defendant OAO Lukoil [hereinafter

3

Defendant] filed its Motion to Dismiss (docket no. 29). On May 2, 2012, Plaintiff Archangel Diamond Corporation Liquidating Trust [hereinafter Plaintiff] filed its Opposition to Defendant OAO Lukoil's Motion to Dismiss and Request for Oral Argument (docket no. 47). The Opposition brief is 44 pages plus 91 attachments. The Opposition brief and attachments total 1,856 pages;

6. That Defendant's Motion to Dismiss (docket no. 29) argues that Plaintiff's claims fail because: (1) they violate the prohibition on claim splitting, (2) this court does not have personal jurisdiction over Defendant, (3) the *forum non conveniens* doctrine supports dismissal, (4) Plaintiff's claims fail to state a claim under Fed. R. Civ. P. 12(b)(6), and (5) Plaintiff has no standing to bring its RICO claims;

7. That in the companion state case, Plaintiff is currently arguing before the Colorado Court of Appeals (Case No. 11CA2452) that Colorado's long arm statute confers jurisdiction over Defendant in Colorado. See Notice of Appeal, attached as Exhibit 1 to the Motion to Dismiss (docket no. 29). At the same time, Plaintiff is making a contradictory argument before this court. In essence, Plaintiff is arguing in the Colorado state courts that jurisdiction is proper in Colorado while arguing to this court that it is not. It should be noted that if the Colorado Court of Appeals rules that the state court does have personal jurisdiction over Defendant, then Plaintiff

4

would fail to meet the second requirement of Fed. R. Civ. P. 4(k)(2). The court takes judicial notice that the answer brief is due in the Colorado Court of Appeals on May 22, 2012, and the reply is due 21 days thereafter; and

8. That discovery is unnecessary to resolve the jurisdictional issues under these facts.  See Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory", 283 F.3d 208 (4th Cir. 2004). The jurisdictional issues are pending before both the Colorado Court of Appeals and Judge Brimmer.  Plaintiff has failed to establish a compelling need for any discovery at this stage of the litigation.  Judge Brimmer can determine the jurisdictional issues as well as the other grounds for dismissal as cited above without any discovery by the parties.  Lastly, Plaintiff has addressed all of the grounds for dismissal in its Opposition brief (docket no. 47) and attachments which total 1,856 pages.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Compel Defendant to Disclose Whether It is "Subject to Jurisdiction in Any State's Court of General Jurisdiction" Pursuant to Fed. R. Civ. P. 4(k)(2) (docket no. 34) is **DENIED**;

5

2. That Plaintiff's Motion for Leave to Take Personal Jurisdictional Discovery Regarding DS Engineering, Inc. and Expedited Briefing (docket no. 41) is **DENIED**;

3. That Plaintiff's Motion for Leave to Take Personal Jurisdictional Discovery (docket no. 43) is **DENIED**;

4. That Discovery is STAYED pending ruling by Judge Brimmer on Defendant's Motion to Dismiss (docket no. 29); and

5. That each party shall pay their own attorney fees and costs for these motions.

Done this 10th day of May 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE